

Levin & Weintraub, New York City, for debtors in possession.

### DECISION ON APPLICATION FOR AN ORDER AUTHORIZING DEBTORS TO TAKE CUSTODY OF PROOFS OF CLAIM

**In re CITY STORES COMPANY, d/b/a Maison Blanche, Loveman's, Richards, Hearns, R. H. White, Franklin Simon, B. Lowenstein & Bros., Incorporated, W. & J. Sloane, Inc., the Mayer Furniture Co., d/b/a W. & J. Sloane, Debtors.**

**Arrangement Nos. 79 B 1320 to 79 B 1323.**

United States Bankruptcy Court, S. D. New York.

June 11, 1980.

EDWARD J. RYAN, Bankruptcy Judge.

By application dated June 4, 1980, City Stores Company, a debtor in possession in proceedings for an arrangement, together with its affiliates, seek an order: ". . . that the Clerk of the Bankruptcy Court is hereby authorized and directed to permit City Stores, its agents and representatives, to take into their custody any and all proofs of claim heretofore filed in these jointly administered cases to process such proofs of claim, and, among other things, to promulgate a schedule of the names and addresses of the persons filing such claims together with the amounts and nature thereof (a copy of such schedule to be filed with the

Court) and upon completion of such processing, to return such proofs of claim to the Clerk of this Court, . . . ."

No authority for the granting of this relief has been cited nor has any been found by the court. In support of their application, the debtors state, *inter alia*:

"2. After having reviewed the records of the Clerk of the Bankruptcy Court, City Stores has determined that there presently are approximately 5,000 proofs of claim which heretofore have been filed in the above captioned cases, which cases are being jointly administered pursuant to order of this Court. Said claims occupy a substantial area in the office of the Clerk of the Bankruptcy Court and are becoming more and more unmanageable as each day goes by and additional claims are received.

"3. In order to process the proofs of claim and promulgate a schedule with names, addresses and amounts, in an orderly, expeditious and efficient fashion, it is essential that such claims be placed in the custody of City Stores in order to incorporate this raw data within City Stores' data processing facilities where adequate personnel and equipment can deal with this enormous task.

"4. Accordingly, City Stores seeks an order authorizing and directing the Clerk of the Bankruptcy Court to permit City Stores, its agents and representatives, to take any and all proofs of claim into their custody to accomplish the foregoing. Upon completion of such processing, such proofs of claim will be returned intact to the Clerk of the Bankruptcy Court. City Stores believes the relief requested herein to be in its best interests and the best interests of all parties. * * * "

Among the duties imposed upon referees by Section 39a of the Bankruptcy Act are the following:

"Referees shall . . . (6) transmit to the clerks such papers as may be on file before them whenever the same are needed in any proceedings in courts and secure the return of such papers after they have been used, or, if it be impracti-cal to transmit the original papers, transmit certified copies thereof by mail; . . . and (9) safely keep, perfect, and transmit to the clerks, when the cases are concluded, the records herein required to be kept by them."

Section 42 of the Bankruptcy Act provides, as follows:

"Records of Referees. a. The records of all proceedings in each case before a referee shall be kept in the manner as prescribed by the Supreme Court of the United States.

"b. A separate record shall be kept of the proceedings in each case and shall, together with the papers on file, constitute the records of the case.

"c. The record of the proceedings shall, when the case is concluded before the referee, be certified to by him and shall, together with such papers as are on file before him, be transmitted to the clerk and shall remain until no longer needed in conducting current business in the office of the clerk as a part of the records of the court."

Bankruptcy Rule 504, implementing and in part superseding Sections 39 and 42 of the Act, provides as follows:

## "BOOKS, RECORDS, AND REPORTS OF REFEREES

"(a) *Records to be Kept; Reports to be Made.* The referee shall keep a docket for each case referred to him and shall keep a list of claims filed against the estate in each case in which it appears there will be a distribution to unsecured creditors after payment of the costs and expenses of administration. He shall keep such other books and records and make such reports as may be prescribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States. All papers filed with the referee, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the referee's docket.

These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process.

"(b) *Disposition of Papers of Closed Cases.* When a case is closed, the referee shall transmit all papers pertaining thereto to the clerk of the district court."

From the foregoing, it appears clear that there is an affirmative duty on a bankruptcy judge, formerly known as referee in bankruptcy, to safely keep records, including the papers on file. Filed claims would appear indisputably to be papers on file. I can find no authority for the bankruptcy judge to delegate his responsibility to a third party, especially when the third party, a debtor in possession, is in an adversary posture to each claimant against the estate.

The application is denied without prejudice of course to renewal on an appropriate application supported by citation to authority. It is so ordered.